IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JOE CLYDE TUBWELL                                                                PLAINTIFF

V.                                                                        NO. 3:17-CV-15-DMB-RP

SPECIALIZED LOAN
SERVICING, LLC, et al.                                                           DEFENDANTS

# ORDER

Before the Court is Joe Clyde Tubwell's "Notice of Appeal and Objections to Order of Magistrate Judge Denying Plaintiff's Motions to Strike." Doc. #94.

## I
## Relevant Procedural Background

On March 16, 2018, Fay Servicing, LLC, filed a "Notice of Deposition Duces Tecum of Plaintiff Joe Tubwell." Doc. #85. On March 26, 2018, Tubwell moved to strike Fay's notice of deposition, asserting, in part, that the location of the deposition was prejudicial to him. Doc. #87. Fay responded to the motion on April 2, 2018. Doc. #89. The same day, Fay re-noticed Tubwell's deposition for a different location.[1] Doc. #90.

On April 9, 2018, Tubwell filed a "Second Motion to Strike Notice of Deposition Duces Tecum of Plaintiff Joe Tubwell and for Sanctions." Doc. #92. On April 16, 2018, United States Magistrate Judge Roy Percy issued an order denying Tubwell's March 26 and April 9 motions to strike and ordering Tubwell to "appear for his deposition as re-noticed by Fay … for 9:00 a.m. on May 2, 2018 …." Doc. #93. On April 20, 2018, Tubwell filed a "Notice of Appeal and Objections to Order of Magistrate Judge Denying Plaintiff's Motions to Strike." Doc. #94. Fay responded

---

[1] The time and location of Tubwell's deposition in each of Fay's notices are the same as that, respectively, in the notice and re-notice of Tubwell's deposition filed by Specialized Loan Servicing, LLC and Morgan Stanley Mortgage Capital Holdings, LLC. *See* Doc. #86; Doc. #88.

on April 25, 2017.  Doc. #97.

## II
## Analysis

"A party may serve and file objections to the order [of a magistrate judge] within 14 days after being served with a copy. … The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *see* L.U. Civ. R. 72(a)(1)(B) ("No ruling of a magistrate judge … will be reversed, vacated, or modified on appeal unless the district judge determines that the magistrate judge's findings of fact are clearly erroneous, or that the magistrate judge's ruling is clearly erroneous or contrary to law.").

In his objections, Tubwell argues that Judge Percy's order is clearly erroneous or contrary to law because:  (1) Judge Percy failed to determine that the re-noticed location was conferred and agreed upon; (2) Fay did not respond to his second motion to strike before the order was entered; (3) the order compels him to take part in a deposition without stipulating what issues would be relevant; (4) Judge Percy disregarded the provisions of Rule 30(a)(2)(A) and Rule 26(d); (5) the order forces him to attend two depositions on the same day; and (6) it includes language warning Tubwell of possible sanctions if he did not comply with the order.  Doc. #94 at 2–3.  In his supporting memorandum, Tubwell argues that Federal Rule of Civil Procedure "7(b)(1) requires that a Court Order must be obtained by a motion;" that a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f);" that the order "did not address the provisions of FRCP 30(a)(2)(A)(iii), FRCP 26(d), or FRCP 26(f);" and that he believes the Court, during a telephonic status conference, "held that the discovery deadline could change." Doc. #95 at 2–3.

In response, Fay argues:  (1) "[t]here is no rule prohibiting numerous defendants from

deposing Tubwell at the same time;" (2) "Rule 26(f) requires parties to confer prior to a scheduling conference or before a proposed scheduling order is due to the Court," and "Tubwell apparently misinterprets Rule 26(f) as a requirement that Fay obtain his consent to the date and location of his deposition;" (3) the "entry of the Case Management Order ends the requirements to confer in Rule 26(f);" (4) Fay is not seeking to depose Tubwell before the time specified in Rule 26(d), and leave from the court is not required; and (5) the parameters of Tubwell's deposition are governed by Federal Rule of Civil Procedure 26(b)(1). Doc. #98 at 5–8.

### A. Tubwell's Rule 26(f) Objection

Federal Rule of Civil Procedure 30(a) provides that "[a] party may, by oral questions, depose any person, *including a party, without leave of court* except as provided in Rule 30(a)(2)." Fed. R. Civ. P. 30(a)(1) (emphasis added). Rule 30(a)(2) provides, in relevant part:

> A party must obtain leave of the court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):
>    (A) if the parties have not stipulated to the deposition and: …
>       (iii) the party seeks to take the deposition before the time specified in Rule 26(d) ….

Rule 26(d)(1) instructs that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Rule 26(f), in turn, requires that "parties must confer as soon as practicable--and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1).

Judge Percy entered the Case Management Order in this action on April 27, 2017.[2] Doc.

---

[2] Among other things, the Case Management Order states, "Defense counsel is directed to confer with the plaintiff to assure that discovery matters are clarified before presentation of such matters to the court for resolution." Doc. #31 at 3.

3

#31.  As Rule 26 contemplates that parties confer "before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)," the entry of the Case Management Order ended any requirement of the parties to confer under Rule 26(f).[3]  *See, e.g., Lester v. Wow Car Co., Ltd.*, No. 2:11-cv-850, 2013 WL 6018537, at *3 (S.D. Ohio Nov. 13, 2013) (declining to quash subpoena because Rule 26(d) "does not require a second or a third [Rule 26(f)] conference to be held subsequent to the filing of an amended complaint even if it joins new parties").  Moreover, discovery in this action has begun, and the Court extended the Case Management Order deadlines on January 11, 2018, after a telephonic status conference with all of the parties—including Fay and Tubwell.  Doc. #75.  Accordingly, Tubwell's objection that, pursuant to Rule 26, he and Fay must confer before he can be deposed by Fay is without merit.

### B.  Tubwell's Remaining Objections

The other grounds on which Tubwell objects are also without merit.

First, there is no rule limiting the number of defendants that may depose a plaintiff at one time and Tubwell cites no authority to the contrary.

Second, Rule 7(b)(1) provides that "[a] *request* for a court order must be made by a motion," Fed. R. Civ. P. 7(b)(1) (emphasis added).  The rule does not preclude a court from entering an order sua sponte.[4]

Third, neither Tubwell's nor Fay's recollection of what this Court said during the January

---

[3] Notably, any failure of Fay and Tubwell to meaningfully communicate before his deposition appears to be attributable to Tubwell.  As exhibits to its response to Tubwell's first motion to strike, Fay attached its e-mail exchanges with Tubwell attempting to confer with him about his deposition, in which Tubwell responded that he would not appear for his deposition without a court order.  Doc. #98; Doc. #89-1; Doc. #89-2.

[4] Nor does Rule 7(b)(1) preclude a court from issuing an order on a motion before a response to the motion is filed or before the time to respond to a motion has expired.  Fay's time to respond to Tubwell's second motion to strike had not yet expired at the time Judge Percy issued the April 16 order.  For this reason, to the extent Tubwell complains that Fay never responded to his second motion to strike before the April 16 order was issued, his complaint is without basis.

4

10 status conference changes the fact that this Court's January 11, 2018, order clearly provides that "[a]ll discovery must be completed by June 4, 2018." Doc. #75 at 1.

Fourth, because Rule 30 does not require a stipulation or court order for Fay to depose Tubwell, Judge Percy was not required to find that Tubwell and Fay conferred and agreed upon a deposition location. Regardless, Fay attempted to confer with Tubwell about his deposition but Tubwell was steadfast in his position that a court order was required before he could be deposed. *See* Doc. #89-1; Doc. #89-2; *see also supra* note 3.

Fifth, courts have inherent authority to impose sanctions sua sponte, provided the offending party is given notice of the court's intent to do so. *Johnson v. Cherry*, 422 F.3d 540, 551 (7th Cir. 2005).[5] Here, Judge Percy sufficiently warned Tubwell that his failure to comply with the order would result in sanctions.

Finally, Tubwell and Fay are not required to stipulate to issues to be covered in the deposition pursuant to Rule 30(a)(2)(A). The parameters of the depositions are governed by Rule 26, which provides that "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" is discoverable. Fed. R. Civ. P. 26(b)(1).

### III
### Conclusion

Because, for the reasons above, Judge Percy's April 16, 2018, order is neither clearly erroneous nor contrary to law, Tubwell's objections [94][6] are **OVERRULED**. Accordingly, the April 16, 2018, order remains in full effect, including the mandate that Tubwell "appear for his

---

[5] *See also* Fed. R. Civ. P. 37(d)(1)(A)(i) ("The court where the action is pending may, on motion, order sanctions if ... a party ... fails, after being served with proper notice, to appear for that person's deposition[.]"); Fed. R. Civ. P. 37(b)(1) ("If the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court."); Fed. R. Civ. P. 37(b)(2) ("If a party ... fails to obey an order to provide or permit discovery, ... the court where the action is pending may issue further just orders [imposing sanctions].").

[6] The Clerk of the Court is directed to terminate Doc. #94 as a motion.

5

deposition as re-noticed by Fay Servicing (Docket 90) for 9:00 a.m. on May 2, 2018, at the offices of State Farm Insurance in Southaven, Mississippi."

**SO ORDERED**, this 27th day of April, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**