**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

| | |
|---|---|
| **JOE CLYDE TUBWELL** | **PLAINTIFF** |
| V. | NO. 3:17-CV-15-DMB-RP |
| **SPECIALIZED LOAN SERVICING, LLC, et al.** | **DEFENDANTS** |

**ORDER**

On September 25, 2017, Specialized Loan Servicing, LLC ("SLS") and Morgan Stanley Mortgage Capital Holdings, LLC ("Morgan Stanley") filed a "Motion to Compel Use and Occupancy Payments into the Court Registry." Doc. #47. Joe Clyde Tubwell responded in opposition on October 4, 2017, Doc. #49; and Morgan Stanley and SLS replied on October 6, 2017, Doc. #52. On October 11, 2017, Tubwell filed a "Motion for Leave to File a Surrebuttal." Doc. #54. SLS and Morgan Stanley responded on October 18, 2017, representing that they do not oppose Tubwell's motion for leave to file a surrebuttal. Doc. #55.

In their motion to compel, SLS and Morgan Stanley seek an order compelling Tubwell to make monthly payments into the registry of the Court for the use and occupancy of the property underlying this case. Doc. #47 at 1. They assert that "[a]s of January 1, 2017, Chalmers' mortgage had outstanding principal of $64,705.49 and was scheduled for monthly payments of $826.74, which included principal and interest of $547.10 plus $279.64 escrow for force placed insurance," and that "the loan was in default in the approximate amount of $5,345.38 and was due for the May 2016 payment." *Id*. at 3–4. Further asserting that the "delinquency has not been resolved and continues to grow" despite having "extended a trial loan modification offer to Tubwell," SLS and

Morgan Stanley request that the Court order Tubwell to make monthly payments of $554.63 into the registry of the Court to prevent further delinquency. *Id*. at 4.

In response, Tubwell argues that (1) SLS and Morgan Stanley never offered him a trial loan modification; (2) SLS and Morgan Stanley did not support their motion with any legal authorities; (3) he is not responsible for any insurance payments made by SLS or Morgan Stanley; (4) there is no agreement in place that imposes a duty on him; and (5) only bankruptcy courts may order use and occupancy payments. Doc. #49 at 1–5. In their reply, SLS and Morgan Stanley argue that Tubwell admitted to signing the underlying deed of trust in his verified amended complaint, and attach as an exhibit to the reply a copy of a trial loan modification offer extended to Tubwell. Doc. #52; Doc. #52-1.

As Tubwell points out, SLS and Morgan Stanley do not provide any legal authority in support of their request to compel use and occupancy payments. They also do not explain how they arrived at the monthly payment amount of $554.63 they seek.[1] Such matters could and should have been addressed in a memorandum brief, which this Court's local rules require to be submitted with every motion.[2] *See* L.U. Civ. R. 7(b)(4) (requiring filing of memorandum brief "[a]t the time the motion is served" and providing that "[f]ailure to timely submit the required motion documents

---

[1] Either by attachment to their motion or reply, or by citation to documents of record, SLS and Morgan Stanley rely on: (1) a warranty deed to Chalmers, Doc. #47-1; (2) a deed of trust from Chalmers and Tubwell to First Choice, Doc. #9-4 at 7–35; (3) an assignment of the deed of trust to Morgan Stanley, Doc. # 47-2; (4) a letter to Chalmers regarding foreclosure, Doc. #9-4 at 45; (5) a statement from SLS to Chalmers detailing the amount due, outstanding principal, and escrow balance, which includes taxes and insurance costs, as of December 2016, *id*. at 47; and (6) a "Settlement Offer via Loan Modification" addressed to Tubwell after this lawsuit was filed, Doc. #52-1. While some of these documents provide information about the alleged amounts owed, none of them offer an explanation as to how SLS and Morgan Stanley calculated the $554.63 monthly payment they seek to have Tubwell pay into the Court's registry, or how they determined the underlying figures utilized. Indeed, it appears the $554.63 monthly payment SLS and Morgan Stanley seek is the same amount as that in the trial loan modification offer. Though the trial loan modification states the previous terms of the loan and proposes certain modifications, it does not explain how SLS and Morgan Stanley decided such modifications.

[2] In a footnote in their motion, SLS and Morgan Stanley request to be excused from the memorandum brief requirement. Doc. #47 at 1 n.1. For the reasons stated above, such request is denied.

may result in the denial of the motion").[3]

Given the lack of a memorandum brief with legal authority and analysis, the motion to compel use and occupancy payments [47] is **DENIED**.[4] However, the Court will allow SLS and Morgan Stanley twenty-one (21) days from the date of this order to renew their motion to compel use and occupancy payments. If filed, the renewed motion must comply with this Court's local rules in all respects. Tubwell's motion [54] for leave to file a surrebuttal is **DENIED as moot**.

**SO ORDERED**, this 22nd day of June, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] *See C.W.P. v. Brown*, 56 F.Supp.3d 834, 839 (N.D. Miss. 2014) (denying motion unaccompanied by memorandum brief).

[4] In light of the reasons for the denial of the motion, the Court will not address Tubwell's arguments in opposition to the motion. However, the Court notes that some of Tubwell's arguments are patently flawed.