**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**JOE CLYDE TUBWELL**                                                               **PLAINTIFF**

**VS.**                                                                                        **NO. 3:17-cv-00015-DMB-RP**

**SPECIALIZED LOAN SERVICING, LLC (SLS),
AGENTS AND SUCCESSORS, Loan No. 1012441108;
MORGAN STANLEY MORTGAGE CAPITAL
HOLDINGS LLC, AGENTS AND SUCCESSORS,
FIRST CHOICE MORTGAGE SERVICES, LLC, and
JENNIFER STRICKLAND; CITIMORTGAGE INC.;
FAY SERVICING, LLC, EDWARD J. FAY**                       **DEFENDANTS**

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION TO STRIKE DEPOSITION**

COME NOW Defendants, SPECIALIZED LOAN SERVICING, LLC and MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS LLC (collectively, the "Defendants"), and files this their Memorandum in Support of their Response opposing the *Motion to Strike Deposition* [Dkt. No. 112] (the "Motion to Strike") filed by the Plaintiff, Joe Tubwell ("Tubwell"), and would show unto the Court the following:

**FACTS**

Tubwell filed his Motion to Strike on June 22, 2018 requesting that the deposition transcript of Tubwell's deposition taken on May 2, 2018 be stricken along with "any references made there from and any motion or pleadings which the tainted deposition is based upon." Motion to Strike at p. 2. Tubwell bases his request on the fact that he has not been able to read and sign the transcript arguing "that the deposition is not usable by the defendants SLS and Morgan Stanley until it has been reviewed, signed and changed where necessary, by the plaintiff." *Id.*

Defendants' counsel did not notify Tubwell regarding the availability of the deposition transcript. Likewise, the court reporter did not send Tubwell the deposition transcript for his review until Monday, June 25, 2018. A copy of the email communications from the court reporter to Tubwell are attached to the Response as Exhibit "A." The deposition transcript notes, however, that Tubwell was duly sworn and the court reporter certified the transcript. *See* Docket No. 108-1 at pp. 2 and 221.

## ARGUMENT

Tubwell requests that the deposition transcript be stricken along with any references to it in the pleadings. *See* Motion to Strike at p. 2. This request is contrary to Federal Rule 30(f) which statues that "[t]he officer must certify in writing that the witness was duly sworn and that the deposition accurately records the witness's testimony." FED R. CIV. P. 30(f)(1). Here, the court reporter and transcript is in full compliance with the Rule. *See* Deposition Transcript, Docket No. No. 108-1 at pp. 2 and 221. Moreover, Tubwell does not challenge the use his deposition transcript based on any inaccuracies, nor does he explain how prejudice would result from consideration of the transcript. Absent such a showing, any discrepancy in the Rule 30(e) procedures is harmless error at most. *See Gordon v. Police Jury of Jefferson Davis Parish*, 2001 WL 1468183, *1 (5th Cir. Oct. 26, 2001)(citing *Vukadinovich v. Zentz*, 995 F.2d 750, 754 (7th Cir. 1993)). The transcript should not be stricken.

The basis for Tubwell's request is the lack of his opportunity to read, change and sign the transcript pursuant to Federal Rule 30(e). *See* Motion to Strike. While there is no authority to support striking the transcript for not reading and signing, there is authority that Rule 30(e) requires strict compliance.

> Rule 30(e) of the Federal Rules of Civil Procedure provides that "the deponent shall have thirty days ... in which to review the transcript or recording and, if there are changes in form or substance, to sign a statement reciting such changes and the reasons given by the deponent for making them." Although the Fifth Circuit

has not further defined the scope or context of this rule, nor published any opinions constituting binding precedent on this subject, it has held in an unpublished opinion that the requirements of Rule 30(e) must be strictly followed. *Betts v. General Motors Corp.*, 2008 WL 2789524, *1 (N.D. Miss. July 16, 2008) (citing *Reed v. Hernandez*, 114 Fed. Appx. 609, 611 (5th Cir. 2004)).

As such, the Defendants alternatively request that the Court deny Tubwell's Motion to Strike and, instead, allow compliance with Federal Rule 30(e) to allow Tubwell thirty days from notice of the availability of the transcript (June 25, 2018) up to and including July 25, 2018 to read, make any changes and sign the deposition transcript. The Defendants further request that Tubwell be allowed additional time to respond to the Defendants' Motion for Summary Judgment in light of the thirty days requested to read, make any changes and sign the deposition transcript.

## CONCLUSION

The Defendants respectfully request this Court enter an order denying Plaintiff's Motion to Strike or, alternatively, allow Tubwell thirty days to read and sign the deposition transcript. The Defendants alternatively request Tubwell be allowed additional time to respond to the Motion for Summary Judgment based on the deposition transcript. The Defendants further pray for general relief.

THIS, the 6th day of July, 2018.

Respectfully submitted,

**SPECIALIZED LOAN SERVICING, LLC and MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS LLC
Defendants**

By: s/John T. Rouse
    JOHN T. ROUSE
    Their Attorney

3

**OF COUNSEL:**

John T. Rouse (MSB No. 101586)
McGLINCHEY STAFFORD, PLLC
1020 Highland Colony Parkway, Suite 702
Ridgeland, Mississippi  39157
Tel: (769) 524-2329
Fax: (601) 608-7871
Email: jrouse@mcglinchey.com

## **CERTIFICATE OF SERVICE**

I, the undersigned John T. Rouse, McGlinchey Stafford, PLLC, hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent electronic notice to the other parties:

> NONE

and I hereby certify that I have emailed and mailed the document by United States Postal Service to the following non-ECF participants:

> Joe Tubwell, *pro se*
> 8229 Ashbrook Drive
> Southaven, MS 38671
> Email: ppslegalresearch1@gmail.com
> ***Plaintiff***

THIS, the 6th day of July, 2018.

                                                          s/ John T. Rouse
                                                          JOHN T. ROUSE

327222.2