# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

JOE TUBWELL                                                                                              PLAINTIFF

v.                                                                       CIVIL ACTION NO. 3:17-cv-15-DMB-RP

SPECIALIZED LOAN SERVICING, LLC
(SLS) and MORGAN STANLEY MORTGAGE
CAPITAL HOLDINGS LLC                                                                            DEFENDANTS

## ORDER

Plaintiff Joe Tubwell seeks an order declaring that certain requests for admissions served on Defendants Specialized Loan Servicing, LLC ("SLS") and Morgan Stanley Mortgage Capital Holdings LLC ("Morgan Stanley") (collectively "Defendants") are deemed admitted due to Defendants alleged failure to timely respond. Docket 127.

Plaintiff contends that he served his requests for admissions on Defendants on April 27, 2018, and that Defendants failed to respond within 30 days as Federal Rule of Civil Procedure 36(a)(3) requires. Docket 128. According to Plaintiff, Defendants initially represented to Plaintiff that they would not respond to his discovery requests but later submitted responses to Plaintiff's requests for admissions after the deadline expired. Docket 127. Plaintiff asserts that the failure to timely respond deems the requests automatically admitted under Federal Rule of Civil Procedure 36(a)(3) and seeks an order striking the untimely responses. Docket 128. Plaintiff also asks the Court to sanction Defendants in the amount of $1,000.00 "per filing and per trip to the Courthouse to deliver documents related to these admissions." Docket 127.

Plaintiff filed a Notice of Service of Discovery Requests on April 27, 2018, in which he certified service by the United States Postal Service. Docket 101. Defendants argue that the Notice made no mention of service by email yet acknowledge that an email from Plaintiff to counsel for Defendants was quarantined in his spam filter on April 27, 2018 but was "not

delivered." Docket 137. Defendants conclude that even if Plaintiff notified the parties of service via email, counsel never consented to electronic service under Federal Rule of Civil Procedure 5(b)(2)(E), effectively making any attempted electronic service incomplete. *Id*. Defendants maintain that they received Plaintiff's discovery requests by mail on June 12, 2018, eight days after the close of discovery on June 4, 2018 and responded to each of Plaintiff's requests for admission within thirty days of June 12, 2018, "out of an abundance of caution." Docket 137.

Federal Rule of Civil Procedure 5 governs service. It provides that service shall be made on a party represented by counsel by serving that party's attorney. Fed.R.Civ.P. 5(b)(1). As for the appropriate means of service, the rule states that service may be made by "sending [a document] by electronic means if the person [upon whom service is being made] consented in writing—in which event service is complete upon transmission…." Fed.R.Civ.P. 5(b)(2)(E). Defendants contend that Plaintiff's attempted service by email is a non-issue because counsel for Defendants never gave written consent as contemplated by Rule 5(b)(2)(E). Plaintiff does not dispute Defendants' assertion that such written consent was never given, but Plaintiff claims that by communicating with Plaintiff via email throughout the pendency of this litigation, Defendants waived any objection to service of discovery documents via email. Plaintiff cites no authority for this argument, and the Court is unaware of any.

Parties to litigation in this court, by and through counsel or in their own behalf when proceeding *pro se*, routinely communicate informally with one another by email, but this should not be construed as a waiver of service of papers required to be served by the rules in the manner required by the rules. In this case, although Plaintiff emailed the subject discovery requests to Defendants on April 27, 2018, it is undisputed that Defendants never consented in writing to receive service of the documents by email, and it appears the subject email was quarantined in

defense counsel's spam filter. Although there is a dispute as to when Plaintiff placed the documents in the mail to Defendants, it appears to the Court that the envelope containing the mailed discovery documents was not postmarked until June 1, 2018, three days before the discovery deadline. The Court's local rules provide that "discovery requests that seek responses or schedule depositions that would otherwise be answerable after the discovery deadline date are not enforceable except by order of the court for good cause shown." L.U.Civ.R. 26(b)(2). Given that Plaintiff had from April 13, 2017 until June 4, 2018 to conduct and complete his discovery as to these defendants, the Court is reluctant to find good cause exists to enforce the subject requests for admission.

Even if the Court were to conclude the requests for admission are enforceable, and even if the Court were to conclude further that Defendants' responses were untimely as Plaintiff argues, Federal Rule of Civil Procedure 36(b) "grants the court discretion to withdraw or amend the admissions" if a party has failed to timely respond. *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 191 (5th Cir. 1989). Under Rule 36(b), "the admission that otherwise would result from a failure to make timely answer should be avoided when to do so will aid in the presentation of the merits of the action and will not prejudice the party who made the request." *Pleasant Hill Bank*, 60 F.R.D. at 3 (quoting 8 Wright, Federal Practice and Procedure § 2257, at 719–20 (1970)); *See also Dorsky Hodgson & Partners, Inc. v. Nat'l Council of Sr. Citizens*, 766 A.2d 54, 57 (D.C. 2001); *United States v. $30,354.00 in U.S. Currency*, 863 F. Supp. 442, 445 (W.D. Ky. 1994) ("the Court must strike a balance between diligence in litigation and the interests of justice"). Unless the opposing party demonstrates prejudice by reliance on matters previously admitted, "the trial court can and should extend permission to withdraw or amend." *Marshall v. District of Columbia,* 391 A.2d 1374, 1379 (D.C.1978) (citing Wright & Miller, Fed. Prac. & Proc., Civil

§§ 2257, 2264 (1970)); *see also French v. United States*, 416 F.2d 1149, 1152 (9th Cir. 1969) (finding no prejudice where no delay is caused by allowing untimely replies to requests for admissions).

Aside from the problematic manner and timing of Plaintiff's service of the subject requests for admission, the Court finds that the equitable considerations discussed above weigh in favor of denying Plaintiff's motion to strike. Plaintiff has failed to demonstrate prejudice by any reliance on any matter he wishes to be deemed admitted, and the Court concludes that permitting the responses to stand will aid in the presentation of this case on the merits. Plaintiff's Motion for Order Finding that Admissions Filed by Plaintiff to Defendants to be Declared Admitted is **DENIED.**

**SO ORDERED**, this the 21st day of August, 2018.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE