## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

JOE CLYDE TUBWELL                                             PLAINTIFF

V.                                                   NO. 3:17-CV-15-DMB-RP

SPECIALIZED LOAN                                            DEFENDANTS
SERVICE LLC, et al.


## ORDER

Joe Clyde Tubwell appeals three orders issued by United States Magistrate Judge Roy Percy—one denying his post-discovery motion to compel discovery responses, one denying in part his motion to strike his deposition and all references to it, and one denying his motion to declare admitted the matters in his requests for admissions. Docs. #132, #133, #153. Because this Court concludes that these rulings were neither clearly erroneous nor contrary to law, Tubwell's appeals will be denied.

## I
## Relevant Procedural History

On December 20, 2016, Joe Clyde Tubwell filed a complaint against Specialized Loan Service, LLC and Morgan Stanley Mortgage Capital Holdings, LLC in the Circuit Court of DeSoto County, Mississippi. Doc. #2. The defendants removed the case to the United States District Court for the Northern District of Mississippi on January 20, 2017. Doc. #1.

On April 27, 2017, United States Magistrate Judge Roy Percy issued a case management order which set, among other things, a discovery deadline of November 20, 2017, and a dispositive motions deadline of December 4, 2017. Doc. #31 at 4, 5. On the defendants' motion, this Court extended the discovery deadline to June 4, 2018, and the dispositive motion deadline to June 18, 2018. Doc. #75.

On April 27, 2018, Tubwell filed a "Notice of Service of Discovery Requests" in which he certified that, on that day, he served interrogatories, requests for production of documents, and requests for admissions on the defendants by United States Postal Service and by e-mail. Doc. #101 at 1.

On May 2, 2018, the defendants deposed Tubwell. Doc. #108-1 at 1. On June 18, 2018, the defendants moved for summary judgment. Doc. #108. In support of the summary judgment motion, the defendants filed a memorandum brief, Doc. #109; and a statement of undisputed facts, Doc. #110. The defendants also filed multiple exhibits as attachments to the motion, including Tubwell's deposition. *See* Doc. #108-1.

On June 22, 2018, eighteen days after the discovery deadline, Tubwell filed a motion to compel responses to his April 27 discovery requests, Doc. #111; and a motion to "strike [his] deposition and any references made there from and any motion or pleadings which the tainted deposition is based upon," Doc. #112 at 2. The same day, the Court struck the defendants' statement of undisputed facts and permitted the defendants to amend their memorandum brief within seven days. Doc. #115. The Court also allowed Tubwell to respond to the summary judgment motion and amended memorandum within fourteen days of the amended memorandum's filing. *Id*. On June 29, 2018, the defendants filed an amended memorandum in support of their summary judgment motion. Doc. #117.

On July 6, 2018, the defendants filed responses opposing Tubwell's motion to strike and motion to compel. Docs. #118, #120. Tubwell replied in support of his motions on July 12, 2018. Docs. #124, #125. Also that day, the defendants filed a notice of service of responses to Tubwell's requests for admissions. Doc. #126. Seven days later, Tubwell filed "Plaintiffs Motion for Order Finding That Admissions Filed by Plaintiff to Defendants to be Declared Admitted." Doc. #127.

On July 20, 2018, Judge Percy issued an order denying Tubwell's motion to compel. Doc. #129. The same day, Judge Percy issued an order denying Tubwell's motion to strike. Doc. #130. In the order denying the motion to strike, Judge Percy allowed Tubwell to file any changes to his deposition by July 25, 2018. *Id*. at 2.

On July 23, 2018, Tubwell filed appeals of Judge Percy's July 20 orders. Docs. #132, #133. Two days later, on July 25, 2018, Tubwell filed a document titled, "Changes to Deposition of Joe Tubwell Taken on May 2, 2018." Doc. #135.

On August 2, 2018, the defendants filed a response opposing Tubwell's motion to declare his requests for admissions admitted. Doc. #136. The following day, Tubwell filed a supplement to his motion to compel, arguing that the defendants' counsel failed to notify him of their office address change for the purpose of receiving service. Doc. #140. Also that day, Tubwell responded in opposition to the motion for summary judgment.[1] Doc. #141.

On August 9, 2018, Tubwell replied in support of his motion to declare his requests for admissions admitted. Doc. #143. On August 13, 2018,[2] the defendants' filed responses opposing Tubwell's appeals of Judge Percy's July 20 orders. Docs. #144, #146.

On August 21, 2018, Judge Percy issued an order denying Tubwell's motion to declare his requests for admissions admitted. Doc. #150. Tubwell filed an appeal of the August 21 order on August 30, 2018. Doc. #153. Also on August 30, Tubwell replied in support of his appeals of the July 20 orders.[3] Docs. #152, #154. On September 20, 2018, the defendants filed a response

---

[1] The Court granted Tubwell's requested extension to respond the summary judgment motion. Doc. #163.

[2] The Court granted the defendants' requested extension to respond to Tubwell's appeals of the July 20 orders. Doc. #142.

[3] On Tubwell's motion, the Court granted Tubwell an extension until August 30, 2018, to reply in support of his appeals. Doc. #151.

opposing Tubwell's appeal of the August 21 order.[4]  Doc. # 157.  Five days later, Tubwell filed a rebuttal.  Doc. #159.

On February 19, 2019, this Court held a hearing on the defendants' motion for summary judgment and Tubwell's appeals of Judge Percy's July 20 and August 21 orders.  Doc. #165.  At the conclusion of the hearing, the Court took the motions under advisement.  Only Tubwell's appeals will be addressed here.[5]

## II
## Analysis

"A party may serve and file objections to the order [of a magistrate judge] within 14 days after being served with a copy."  Fed. R. Civ. P. 72(a).  "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  *Id*.

### A.  Order Denying Motion to Compel

Judge Percy denied Tubwell's motion to compel because it was filed after the discovery deadline.  Doc. #129 at 2.  Tubwell asks this Court to reverse the July 20 order denying his motion to compel and to direct the defendants to respond to his discovery requests.  Doc. #132 at 3. Tubwell argues the order is clearly erroneous because Judge Percy "failed to make any determination upon or address" when the discovery requests were served on the defendants or when other defendants in the action responded to Tubwell's discovery requests.  *Id*. at 2.  Tubwell further contends that modification of the order is required because he "could not possibly file his motion [to compel] until after the expiration [of the discovery deadline] since the defendants never

---

[4] The Court granted the defendants a requested extension until September 20, 2018, to respond to Tubwell's appeal of the August 21 order.  Doc. #156.

[5] The defendants' motion for summary judgment will be addressed by separate order.

notified [him] that they would not be responding until after the June 4, 2018 date in which discovery closed."[6]  *Id*. at 2–3.  Additionally, at the hearing, Tubwell argued that he delayed serving the discovery requests until April 27 because he was "busy with other stuff in the case," and believed that if he timely served the discovery "and it wasn't responded to, then it would kind of toll the time for being able to file a motion to compel."[7]

First, even had Judge Percy determined Tubwell's discovery requests were served April 27, Tubwell would be in no better position.  As quoted in the July 20 order, Local Rule 7(b)(2)(C) provides that "[a] party must file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline."  If Tubwell's service by mail was April 27, the defendants' responses were due, at the latest, June 1, 2018.[8]  So, even if Tubwell's motion to compel had been filed after June 1 but before the June 4 discovery deadline, it still would have been too late to comply with Local Rule 7(b)(2)(C)'s requirements.  Likewise, the responses of other defendants have no impact on whether Tubwell's motion was filed after the deadline.

Tubwell's reason that he delayed service of the discovery requests because he was busy with other matters in this case does not justify reversal of Judge Percy's order for the simple reason that Tubwell never sought an extension of the June 4 discovery deadline.  And, Tubwell's belief

---

[6] In the supplement to his motion to compel, Tubwell contends the defendants were at fault for not receiving the discovery requests until June 2018 because they failed to notify him of their updated office address.  Tubwell is correct that the defendants are responsible for keeping their address updated.  *See* L. U. Civ. R. 11(a).  However, under Federal Rules of Civil Procedure 5(b)(2)(C), "[s]ervice is complete upon mailing."  Therefore, the date the defendants received Tubwell's discovery requests is irrelevant to the Court's analysis regarding the timeliness of Tubwell's motion to compel.

[7] At the hearing, Tubwell remarked that he "felt that [tolling] was just a common practice …."

[8] The defendants had thirty days from the date of service, plus an additional three days for service by mail, to respond. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3), 6(d); *see also* Fed. R. Civ. P. 6(a)(1)(C) ("[I]f the last day [of the time period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

that the service of discovery requests tolls the time to file a motion to compel is contrary to Local Rule 7(b)(2)(C)'s requirement that a motion to compel be filed sufficiently in advance of the discovery deadline. Notably, in addition to not seeking an extension of the June 4 discovery deadline, Tubwell did not seek an extension to file a motion to compel.

Finally, "if the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel. If he fails to do so, he acts at his own peril." *Wells v. Sears Roebuck & Co.*, 203 F.R.D. 240, 241 (S.D. Miss. 2001). Accordingly, Tubwell's decision to delay the service of his discovery requests—which, in turn, determined when he could properly file a motion to compel—does not warrant modification of Judge Percy's order.

For all these reasons, Judge Percy's denial of Tubwell's motion to compel was not clearly erroneous or contrary to law and will not be reversed by this Court.

### B. Order Denying Motion to Strike

Tubwell asks this Court to reverse Judge Percy's July 20 order to the extent it denied his motion to strike and to "direct that [his] Deposition is flawed and … stricken." Doc. #133 at 4. Tubwell argues the order is clearly erroneous because it concluded that Tubwell did not articulate any substantive basis or identify any error or inaccuracy in the transcript to warrant striking the deposition. *Id*. at 2. Tubwell avers that "at the time [he filed his] motion [to strike], [he] had not seen the transcript," therefore, "[i]t would be impossible to identify any inaccuracy." *Id*. Additionally, Tubwell contends that there were ultimately inaccuracies in the transcript because "the Court Reporter completely deleted and excluded the information regarding defense counsel's statement that he would be responsible for distributing the transcript to all parties." *Id*. Lastly, Tubwell argues the order violated Federal Rule of Civil Procedure 30(e) by permitting him only

five days from the date of its entry to review and sign the deposition. *Id*. at 3. At hearing, Tubwell

argued that until he finished reviewing the transcript and filed his changes, the defendants' motion

for summary judgment "should have been set aside."

Federal Rule of Civil Procedure 30(e)(1) provides:

(1) On request by the deponent or a party before the deposition is completed, the
deponent must be allowed 30 days after being notified by the officer that the
transcript … is available in which:
(A) to review the transcript … and
(B) if there are changes in form or substance, to sign a statement listing the changes
and the reasons for making them.

Although Tubwell did not receive the deposition before the defendants' filed their motion

for summary judgment, Rule(30)(e) states "the deponent must be allowed 30 days *after being*

*notified* … that the transcript … is available ... to review …." Judge Percy's order explained that

because Tubwell received the transcript for review on June 25, 2018, he was "entitled to the

opportunity to review the transcript and make any changes" until July 25, 2018. Doc. #130 at 2.

Because Tubwell had thirty days to review the transcript as required by Rule 30(e), and further

had the opportunity to, and did, make changes to the deposition transcript before he responded to

the defendants' motion for summary judgment, there was no violation of Rule 30(e). *See Tycoons*

*Worldwide Grp. (Thailand) Pub. Co., Ltd. v. JBL Supply Inc.*, 721 F. Supp. 2d 194, 200 (S.D.N.Y.

2010) ("Rule 30(e)(1) by its terms does not state that the deponent must be given an opportunity

to review and correct the transcript *before* a party submits that transcript to the Court in support of

a summary judgment motion; it simply states that a party must be allowed 30 days to review the

transcript and sign a statement listing any changes thereto and the reasons for making them.").

Furthermore, because Tubwell was ultimately given an opportunity to review the transcript and

submit proposed changes, his arguments regarding his inability to see the transcript do not justify

reversal of Judge Percy's order. Finally, to the extent none of Tubwell's proposed changes to the

transcript submitted after review are substantive, the Court declines to strike the document. *See Ghogomu v. Delta Airlines Global Servs., LLC*, 652 F. App'x 701, 703 (10th Cir. 2016) (affirming denial of motion to strike transcript where "alleged errors were immaterial" and movant was given opportunity to file errata sheet). Thus, the Court concludes that Judge Percy did not err or act contrary to law in denying Tubwell's motion to strike his deposition and all references to it.

**C. Order Denying Motion to Declare Requests for Admissions Admitted**

Tubwell asks this Court to reverse Judge Percy's order and direct that the requests for admissions be deemed admitted. Doc. #153 at 4. Tubwell argues that (1) he timely served the defendants his requests for admissions on April 27, 2018, by e-mail and mail; and (2) Judge Percy did not have the authority to issue an order on the motion because his requests for admissions, "if admitted, constituted dispositive issues which would have decided this case …." *Id*. at 1–2.

### 1. Magistrate judge's authority

28 U.S.C. § 636(b)(1) "establishes that magistrate judges may hear and determine any pretrial matters before the court, save eight excepted motions …." *Burns v. Imagine Films Entm't, Inc.*, 164 F.R.D. 594, 599 (W.D.N.Y. 1996). Although Section 636 makes no mention of the terms "dispositive" and "nondispositive," "Rule 72(a) of the Federal Rules of Civil Procedure allows a magistrate judge to hear and decide nondispositive motions." *Vaquillas Ranch Co. v. Texaco Expl. & Prod., Inc.*, 844 F. Supp. 1156, 1160 (S.D. Tex. 1994). A nondispositive ruling "resolves an issue," whereas a dispositive ruling "finally resolve[s] a party's claim or defense." *Id*. (quotation marks omitted).

Generally, requests for admission are non-dispositive and fall within the ambit of magistrate authority, even if the requests for admission may have some impact on the ultimate disposition of the case. *Whitsitt v. City of Tracy*, No. 2:10-cv-527, 2016 WL 1357566, at *5 (E.D.

Cal. Apr. 6, 2016). However, a motion for deemed admissions may have "a dispositive effect" if the motion would "constructively resolve[] all of the material issues in dispute." *Estate of Jones v. City of Martinsburg*, 655 F. App'x 948, 949 (4th Cir. 2016).

Here, to the extent Tubwell contends his requests for admissions are dispositive because they concern dispositive issues, all he offers in that regard are his conclusory statements that such is the case. *See* Doc. #153 at 2. This Court has reviewed the matters raised in the requests for admission, and concludes that none of them, even if admitted, would finally resolve Tubwell's claims. Accordingly, the resolution of Tubwell's motion was within Judge Percy's authority.

### 2. Timeliness of requests for admissions

Even assuming Tubwell timely served the requests on April 27, as stated in his certificate of service, Judge Percy's order would still stand because, pursuant to Federal Rule of Civil Procedure 36(b), withdrawal of the deemed admissions would be warranted here. With respect to a court's discretion to withdraw or amend an admission, the Fifth Circuit has stated:

> This Circuit has stressed that a deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b). In order to allow withdrawal of a deemed admission, Rule 36(b) requires that a trial court find that withdrawal or amendment: 1) would serve the presentation of the case on its merits, but 2) would not prejudice the party that obtained the admissions in its presentation of the case.

*In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001) (citations omitted).[9] The party challenging withdrawal has the burden of establishing prejudice. *Banos v. City of Chicago*, 398 F.3d 889, 893 (7th Cir. 2005).

---

[9] Although the defendants did not file a formal motion under Rule 36(b), courts have permitted a party's late filed admissions to be construed as sufficient to constitute a motion under a liberal reading of Rule 36(b). *See, e.g., United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009) ("Although Petroff–Kline urges that a formal motion was required to grant leave to withdraw the Government's admissions, we have held that a formal motion is not always required. Instead a withdrawal 'may be imputed from a party's actions,' including the filing of a belated denial."); *Shaw v. Jim Walters, Inc.*, No. 06-CA-444, 2007 WL 9701306, at *2 (W.D. Tex. May 30, 2007) ("Accordingly, the Court construes Plaintiff's response to Defendant's motion for summary judgment as a motion for withdrawal of admissions under Federal Rule of Civil Procedure 36(b), and the Court grants the motion to withdraw.").

In his order, Judge Percy concluded that Tubwell "failed to demonstrate prejudice by any reliance on any matter he wishes to be deemed admitted, and [because] permitting the responses to stand will aid in presentation of this case on the merits." Doc. #150 at 4.

In his complaint, Tubwell alleges that the defendants own a home refinance loan made to him and Willie L. Chalmers and that, in servicing the loan, the defendants engaged in an array of wrongful conduct. Because Tubwell's requests for admissions concern, among other things, the note and deed of trust associated with that loan, the defendants' responses to Tubwell's requests would promote the presentation of the merits of this action, including whether Tubwell had any rights under the note and whether the defendants engaged in activity to prevent him from refinancing the loan.

Turning to prejudice, "[c]ourts have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Am. Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991). Tubwell has not satisfied his burden to show any difficulties he may face because of a sudden need to obtain evidence. Rather, Tubwell's only arguments for prejudice are his assertions that "allow[ing] the defendants to circumvent the rules by filing [a] response to the requests for admissions after the date in which the responses were due constitutes prejudice" and that "through[out] this case the Court has had no problem in rejecting [his] pleadings when filed late. The same rule should apply to the defendants." Doc. #153 at 3. The denial of Tubwell's motion to deem the requests admitted therefore was not clearly erroneous or contrary to law.

## IV
## Conclusion

Because Judge Percy's orders were not clearly erroneous or contrary to law, Tubwell's

appeals [132][133][153] are **DENIED**.

**SO ORDERED**, this 29th day of March, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**