**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**JOE CLYDE TUBWELL**                                                                                    **PLAINTIFF**

**V.**                                                                                                              **NO. 3:17-CV-15-DMB-RP**

**SPECIALIZED LOAN SERVICE
LLC, et al.**                                                                                                     **DEFENDANTS**

**ORDER**

Before the Court are four post-judgment motions—three filed by Joe Clyde Tubwell and one filed by the defendants.

**I
Procedural History**

On March 29, 2019, this Court entered an order granting the defendants' motion for summary judgment on all of Joe Clyde Tubwell's remaining claims. Doc. #169 at 12. A final judgment was issued the same day. Doc. #170. Approximately two weeks later, Tubwell filed a motion for reconsideration of the judgment. Doc. #171.

After the motion for reconsideration was fully briefed,[1] the parties filed a "Notice of Tentative Settlement" which represented that the parties reached a tentative settlement and requested ninety days to consummate the agreement and submit an agreed order of dismissal to the Court. Doc. #177. Based on the notice of settlement, the Court denied without prejudice Tubwell's motion for reconsideration. Doc. #178. The Court also granted the parties until May 21, 2020, to consummate the settlement and allowed Tubwell until May 28, 2020, to renew his motion for reconsideration if the settlement was not consummated. *Id*.

---

[1] Docs. #174, #176.

On January 11, 2021, following three prior extensions[2] of the consummation deadline at the parties' request, this Court, on the parties' allegedly unopposed motion, extended until March 31, 2021, the deadline to consummate the settlement, and extended until April 7, 2021, the deadline to renew the motion for reconsideration if the settlement was not consummated. Doc. #187.

On February 23, 2021, Tubwell filed "Plaintiff's Motion to Correct Order." Doc. #189. In the motion, Tubwell states that he did not consent to the specific language in this Court's January 11 order and asks that the order be modified. *Id*. at 1. The same day, Tubwell filed "Plaintiff's Notice of Non-Confirmation of Settlement Agreement" in which he alleges that the defendants breached the settlement agreement by "having diverged [sic] it's [sic] terms to an outside party who, in turn, is attempting to use such information against plaintiff." Doc. #190. Tubwell requests in the notice that the Court reinstate his motion for reconsideration and schedule a hearing on the motion. *Id*. at 2.

On March 9, 2021, the defendants responded in opposition to Tubwell's February 23 filings. Docs. #191, #192. That same day, the defendants also filed a notice of intent to enforce the settlement. Doc. #193. On March 24, 2021, Tubwell responded to the defendants' notice of intent to enforce the settlement. Doc. #194.

On April 1, 2021, the defendants filed a motion seeking an array of relief, including requests that the case be reopened and that the Court enforce the settlement agreement. Doc. #195 at 4. Four days later, Tubwell filed a motion to renew his motion for reconsideration. Doc. #197. On April 12, 2021, Tubwell responded to the defendants' motion. Doc. #199. The defendants responded to Tubwell's motion to renew on April 14, 2021, Doc. #200, and replied in support of their motion on April 19, 2021, Doc. #201.

---

[2] Docs. #180, #183, #185.

## II
## February 23 Motion to Correct

In his February 23 motion to correct, Tubwell asks the Court "to correct the previous Order … to include the dates in which plaintiff would be allowed to file his confirmation of the agreement or non-confirmation as well as the date plaintiff would have to seek reinstatement of his motion to reconsider and to file and appeal if motion is finally denied." Doc. #189 at 1.

Tubwell's motion is confusing. This Court's January 11 order extended until March 31, 2021, the date for Tubwell to consummate the settlement; extended until April 7, 2021, the deadline to renew the motion for reconsideration; and extended the deadline to file an appeal until seven days after disposition of the renewed motion for reconsideration. *See* Doc. #187 at 2 n.1. Because the language Tubwell seeks to add is already present in the order, Tubwell's motion to add such language will be denied.

## III
## Defendants' Motion

The defendants' motion asks the Court to (1) consider the motion "in an expedited manner;" (2) reopen the case; (3) "enter a judgment in the Defendants' favor consistent with the Settlement Agreement reached between the Parties requiring Tubwell to vacate the Subject Property and … surrender possession to the Defendants immediately;" and (4) "dismiss Tubwell's claims and this action in its entirety with prejudice or, alternatively, compel Tubwell to pay use and occupancy payments to the Defendants until he has vacated the Subject Property." Doc. #195 at 4.

Local Rule 7(b)(8) governs expedited motions and provides that "[w]hen the motion relates to an urgent or necessitous matter, counsel for the movant must contact the courtroom deputy, or other staff member designated by the judge, and arrange a definite time and place for the motion

3

to be heard." It does not appear that the defendants contacted chambers to arrange for a definite time and place for a hearing and have otherwise stated no grounds which would justify expedited consideration. Accordingly, the defendants' request for an expedited hearing will be denied.

The defendants' remaining requests for relief are all premised on a request to enforce the settlement agreement between the parties. Ordinarily, entry of a final judgment in a case deprives a court of jurisdiction to enforce a settlement in that case unless "the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994). But a case may be reopened for the purpose of exercising jurisdiction over a request to enforce a settlement if relief from the underlying judgment is available under Federal Rule of Civil Procedure 60. *See Nat'l City Golf Fin., a Div. of Nat'l City Com. Cap. Co., L.L.C. v. Scott*, 899 F.3d 412, 417–18 (5th Cir. 2018).

While the defendants here have asked this Court to reopen the case, they do not appear to seek relief from the judgment in their favor which terminated the litigation. To the extent they do, they cite no authority and offer no argument as to why such relief would be warranted. Accordingly, the defendants' request to "reopen" this case will be denied. Because the judgment, which makes no reference to a settlement agreement, remains in place, this Court lacks jurisdiction to enforce such an agreement. The defendants' remaining requests will be denied to the extent they seek such enforcement.[3]

---

[3] To the extent the defendants ask that Tubwell's claims be dismissed with prejudice, such request is of course moot. The claims have already been dismissed with prejudice.

4

## IV
## Tubwell's Requests to Renew His Motion for Reconsideration

In his other February 23 filing, Tubwell states his "non-confirmation of the settlement agreement" and asks that the Court "move forward" on his motion for reconsideration and set the motion for hearing. Doc. #190 at 2. His April 5, 2021, motion seeks similar relief. *See* Doc. #197. The defendants oppose this relief on the grounds that they have performed all their obligations under the settlement and that "[i]f Tubwell now wishes to attempt to negate the settlement, the first step will be to return the settlement funds." Doc. #192 at 10. Thus, it appears the defendants argue that the settlement was in fact consummated and that, therefore, Tubwell should not be allowed to renew his motion for reconsideration.

The parties' arguments place the Court in a somewhat strange position. As mentioned above, the Court lacks jurisdiction to consider a freestanding request to enforce the settlement agreement. But by virtue of the Court's previous order, Tubwell's right to renew his motion for reconsideration is dependent on whether the settlement was "consummated." Put differently, while the Court in this action lacks the ability to *enforce* the purported settlement generally, the *existence* of such an agreement controls whether Tubwell can renew his motion and, by extension, continue his pursuit of this action. Tubwell appears not to challenge the *existence* of the settlement agreement to the extent he takes the position that it has been breached by the defendants. Given this, the defendants' pursuit of a separate enforcement action would likely justify a stay of this case. *See Rosenbauer Am., LLC v. Advantech Serv. & Parts LLC*, 437 F. Supp. 2d 1081, 1084 (D.S.D. 2006).

Under these circumstances, the Court deems it prudent and in the interest of judicial efficiency to deny without prejudice Tubwell's requests to renew and provide the defendants thirty days to file a separate enforcement action. If the defendants elect not to seek enforcement of the

case within the thirty-day period, Tubwell may file within fourteen days after the thirty-day period

expires a new motion to renew his motion for reconsideration.

**V**

**<u>Conclusion</u>**

For the reasons explained above: (1) Tubwell's motion to correct [189] is **DENIED**; (2)

the defendants' motion for miscellaneous relief [195] is **DENIED**; and (3) Tubwell's motions to

renew his motion for reconsideration [190][197] are **DENIED without prejudice** to renewal

should the defendants not file a separate action to enforce the settlement agreement.

**SO ORDERED**, this 12th day of August, 2021.

/s/Debra M. Brown     
**UNITED STATES DISTRICT JUDGE**
